# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:07-CR-45 |
| | § | |
| TERRANCE LAMICHAEL CANADY | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed October 18, 2012 alleging that the Defendant, Terrance Lamichael Canady, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on November 7, 2007, after pleading guilty to the offense of Carjacking, a Class C felony. The offense carried a statutory maximum imprisonment term of 15 years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of III, was 63 to 78 months. The Defendant was sentenced to 70 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: drug abuse treatment and testing. On August 31, 2012, the Court modified Canady's conditions of supervised release to include placement in a residential reentry center, not to exceed 180 days.

## II. The Period of Supervision

On June 7, 2012, Williams completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the original Petition for Warrant for Offender Under Supervision alleging eight violations of his conditions for supervised release: 1.) that the Defendant committed another federal, state, or local crime; 2.) that the Defendant did not refrain from unlawful use of a controlled substance; 3.) that the Defendant left the judicial district without the permission of the Court or probation officer; 4.) that the Defendant did not answer truthfully all inquiries of the probation officer; 5.) that the Defendant did not refrain from using narcotics and other controlled substances; 6.) that the Defendant did not report to the probation office within 72 hours of release from the custody of the Bureau of Prisons; 7.) that the Defendant did not reside in a residential reentry center for 180 days, and did not follow the rules of that facility; and 8.) that the Defendant did not participate in a program of testing and treatment for drug abuse, under the guidance of the U.S. Probation Office, until released.

## IV. Proceedings

On May 30, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third allegation in the petition, which asserts that Canady left a voicemail indicating that he was going

to Houston, Texas, which is outside of the Eastern District of Texas. Canady did not have permission to leave the Eastern District of Texas from the Court or his probation officer. The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of six (6) months' imprisonment, plus an additional term of one-hundred and forty-five (145) days imprisonment, which represents his un-served time in the residential reentry center, with no term of supervised release to follow.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by leaving the judicial district without permission, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

According to U.S.S.G. § 7B1.3(c)(3), in the case of a revocation based, at least in part, on a violation of a condition specifically pertaining to community confinement, intermittent confinement, or home detention, use of the same or a less restrictive sanction is not recommended.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment. As such, Canady has 145 days of un-served community confinement to serve in prison.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; <u>see</u> 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the third allegation that he violated his conditions of supervised release by leaving the judicial district without the permission of the Court or probation officer. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is III. Policy guidelines suggest 5 to 11 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of six (6) months' imprisonment, plus an additional term of one-hundred and forty-five (145) days imprisonment, which represents his un-served time in the residential reentry center, with no term of supervised release to follow.

## VII. Recommendations

1. The Court should find that the Defendant violated a standard condition of supervised release by leaving the judicial district without the permission of the Court or probation officer.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

3. The Defendant should be sentenced to a term of six (6) months' imprisonment, plus an additional term of one-hundred and forty-five (145) days imprisonment, which represents his un-served time in the residential reentry center, with no term of supervised release to follow.

4. The Defendant has requested to serve his term of imprisonment at the BOP facility in Beaumont, Texas. The undersigned requests the Court to make this recommendation to the Bureau of Prisons.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 31st day of May, 2013.

_____
Zack Hawthorn
United States Magistrate Judge